The opinion of the Court was delivered by
Poché, J.
This litigation grows out of the following facts :
In the year 1871, plaintiff entered on and took possession of a plantation, the separate property of the defendant, then a married woman, and cultivated the same until August, 1877.
He went on the place with the permission of defendant’s husband, who was her agent, and as such administered her separate property; and who made an agreement under which plaintiff was to purchase the jdace at some future time, at a stipulated price. When plaintiff’s possession began, the property was not improved, and was not rentable; and during his occupancy of the same, he built on it a small sugar house, other buildings, and made other useful improvements which he alleges to have cost him $2296. The object of this suit is to recover that amount from the defendant, who sold the property on the 24th of August, 1877, to other parties for the sum of $6560, out of which sum $1000 were paid over, with her consent, to plaintiff, as the estimated value of his then growing crop of sugar cane.
Defendant first excepted, that plaintiff’s petition disclosed no cause of action, and her exception being overruled, she pleaded in reconvention the rent of the place, for over five years, at the rate of $500 per annum, praying in the alternative to offset the value of the improvements by the rent, and she further reconvened for the sum of $1644.50, as the alleged value of timber and other materials taken from the place, and appropriated by plaintiff. The District Court allowed to plaintiff, as the cost of his improvements, the sum of $1935, and allowed to defendant, on her reconventional demand for rent, the sum of $1295-Defendant appeals, and plaintiff moves for an amendment, so as to recover the full amount of his claim and to defeat defendant's claim in reconvention. Between the date of filing defendant’s exception and the trial thereof, plaintiff filed an amended petition, alleging more specifically than was done in his original petition, that the plantation was defendant’s separate property. The Judge did not. err in considering, and giving effect to the amended' petition, which appears to have been duly served on the defendant.
Plaintiff’s right of action arises from the following provisions of Art. 508 of our Civil Code :
*1165 “When plantations, constructions and works have been made by a third person, and with such person’s own materials, the owner of the soil has a right to keep them, or to compel this person to take away or demolish the same.” * *
“ If the owner keeps the works, he owes to the owner of the materials nothing but the reimbursement of their value and of the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby.” * *
The text of this Article, has received frequent judicial interpretation, and is now well understood to mean that the possessor of the lands of another is entitled to be reimbursed the actual cost of such constructions, or to remove the same, subject to the option of the owner of the soil.
In this case, it appears'from pleadings that plaintiff was a possessor in good faith, and it follows that in selling the land with all the buildings, fences and other improvements thereunto situated, -without excepting the constructions made thereon by the plaintiff, the defendant must be held to have elected the exercise of her legal right to keep the works, and hence her obligation to reimburse the owner for the cost of the same. 2 An. 376, Stanbrough vs. Barnes; 11 R. 225, Miller vs. Merchant; 2 An. 339, Womack vs. Womack.
We therefore conclude, that plaintiff "s petition does disclose a cause or right of action, and that defendant’s exception was properly overruled.
On the Merits.
The evidence substantially supports the statement of facts contained in the beginning of this opinion, and justifies that part of the judgment which was rendered in favor of plaintiff.
There is no force in the position assumed by the defendant in urging that she cannot be held responsible for the value of improvements made to her separate property during the existence of the community.
The test of her responsibility must be found in her action in electing ¿o keep the works made on her separate property, by a third person, during the latter’s possession.
Her husband’s authority to plaintiff to take possession of the land, is invoked for the sole purpose of showing possession in good faith, but not under a contract of lease. We know of no law which authorizes a married woman to enrich herself at the expense of another. 29 An. 750, Jordan & Co. vs. Anderson.
Nor can plaintiff be concluded by his failure to claim the value or reimbursement of his works at the time of the sale in 1877.
He was then reimbursed for the value of his growing crop, and lie *1166 explains, in his testimony, the reasons of his silence on the subject of his improvements.
If correct, defendant’s argument would estop her from claiming her rent; for she actually paid $1000 to plaintiff, without even mentioning the subject of rent.
And in that connection, we think that the District Judge erred in recognizing defendant’s reconventional demand for rent.
The record shows that at the time of plaintiff’s occupation of the land, the property could not be rented, and was occupied by a party free of other charge than the care and custody of the property.
•It further appears, that the rental value of the plantation, between the years 1873 and 1877, was due and attributable exclusively to the sugar house, out houses, fences, ditches, seed cane and other improvements placed on the property by plaintiff.
Under the plain terms of the Article of the Code, these works remained his property until the ownership of the same was changed by the act of the defendant, in the exercise of her legal option, to keep them or to cause their renewal. As this act was performed by the defendant only at the time of her sale, the rvorks remained the undisputed property of the plaintiff, and hence, he cannot be held to jray rent for a tract of land to which his labor and disbursements had contributed its only rental value. In the case of Baldwin vs. Union Insurance Company, 2 Robinson, 137, we find the following language predicated on a kindred issue :
“ Our law has so far modified the effects of accession in such cases, as to give to the owner of the soil only the alternative of having the buildings removed at the cost of the person who erected them, or of keeping them as his own, on paying to the owner of the materials their value and the price of workmanship.
“ Until this election be made, the works, although subject to this right of acquisition given to the owner of the soil continue to belong to, and are at the risk of the person who made them.” Fernandez vs. Soulié, 28 An. 31. ^
We have given due consideration to defendant’s argument, that some of the materials used in the works were from timber taken and growing on the place. But we find, on the other hand, that in his statement of expenses, plaintiff makes due allowance for the timber and other materials belonging to the place and thus used by him ; and we think that these matters are honestly and properly adjusted by him.
We are constrained to reject defendant’s reconventional demand for rent. 16 La. An. 243, D’Armand vs. Pullin.
The evidence does not support her demand for cord wood and other *1167 items of property alleged to have been taken from the place and sold by plaintiff.
The judgment of the lower court is therefore amended, in so far as it allows rent to the defendant in the sum of $1295, which claim must be denied, and as thus amended, said judgment is affirmed, atdefendant’s costs in both Courts.
Rehearing refused.